IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENGAGE LEARNING, INC., et al., )
)
        Plaintiffs, )
)
 v. ) No. 13 C 4113
)
LINDSEY BACHE, )
)
        Defendant. )

MEMORANDUM ORDER

Lindsey Bache ("Bache"), having been sued in this action charging him with copyright infringement, trademark infringement, counterfeiting and trafficking in counterfeit documentation, has filed what purports to be an Answer to the Complaint coupled with a motion for the Complaint's dismissal. Individual defendants such as Bache have the right to represent themselves--indeed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(per curiam) has long since taught that their pleadings are to be looked at through a less demanding lens--but if they do they must at a minimum familiarize themselves with, and comply with, some basic rules. Because Bache has not done so, this Court strikes his filing sua sponte without prejudice to his replacing it promptly with a proper pleading.

For one thing, the form of his pleading violates this District Court's LR 5.2(c), which reads in part:

> Where the document is typed, line spacing will be at least 2.0 lines. Where it is typed or printed,
> 
> > (1) the size of the type in the body of the text

> shall be 12 points and that in footnotes, no less
> than 11 points, and
>
> (2) the margins, left-hand, right-hand, top and
> bottom, shall each be a minimum of 1 inch.

And because Bache is not an electronic filer, he will be required to deliver both the original and a Judge's courtesy copy of his Amended Complaint to the Clerk's Office, in addition of course to his delivering copies to opposing counsel.

Next, Bache must comply with LR 10.1:

> Responsive pleadings shall be made in numbered
> paragraphs each corresponding to and stating a concise
> summary of the paragraph to which it is directed.[1]

That LR has the obvious purpose of permitting the reader--whether the assigned judge, opposing counsel or anyone else--to see exactly what is and what is not placed in dispute without the reader having to flip back and forth constantly between a separate complaint and separate answer for that purpose.

Next, Bache's extended narrative responses do violence to the fundamental federal principle of notice pleading. Here is the Fed. R. Civ. P. ("Rule") 8(b) formulation that governs responsive pleadings and that Bache must comply with:

---

[1] [Footnote by this Court] For Bache's information when he goes back to the drawing board, litigants' most frequent compliance with LR 10.1 takes the form of simply copying each paragraph of a complaint and then following it with the litigant's answer to that paragraph.

(b) DEFENSES; ADMISSIONS AND DENIALS.

   (1) In General. In responding to a pleading, a party must:

      (A) state in short and plain terms its defenses to each claim asserted against it; and

      (B) admit or deny the allegations asserted against it by an opposing party.

   (2) Denials—Responding to the Substance.  A denial must fairly respond to the substance of the allegation.

   (3) General and Specific Denials.  A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial.  A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

   (4) Denying Part of an Allegation.  A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

   (5) Lacking Knowledge or Information.  A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

   (6) Effect of Failing to Deny.  An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.  If a responsive pleading is not required, an allegation is considered denied or avoided.

As stated at the outset, Bache will be given another chance to live by the rules.  That calls for a self-contained Amended Answer to be filed on or before August 30, 2013, failing which he

3

may become vulnerable to the entry of a default judgment.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 20, 2013